UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerry L. Johnson, #10597-071,<br>*aka Jerry Lamont Johnson,*<br><br>      Petitioner,<br><br>vs.<br><br>Mildred Rivera,<br><br>      Respondent. | ) C/A No. 9:10-2902-SB-BM<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>) |

    A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court *pro se* by a federal prison inmate. Petitioner, who pled guilty to drug-related charges in this Court in 2005, never filed a direct appeal or § 2255 motion relating to his convictions and sentences. Five years later, however, he now files a § 2241 Petition alleging "actual innocence" of his enhanced sentence entered under the sentencing guidelines "crimes of violence or controlled substance" provisions. U.S.S.G. § 4B1.1. Specifically, he claims that one of the predicate state convictions used for the enhancement was only a *possession* conviction, not a *distribution* one, and that only distribution convictions can be used for enhancement under the applicable guideline. Petitioner asks this Court to re-sentence him to an un-enhanced sentence. *Id.*[1]

    Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton*

---

[1] Although this is clearly a direct appeal or § 2255 argument, Petitioner does not claim that he was in any way involuntarily prevented from raising it in one of those proceedings. Rather, he claims that "he can present this issue at anytime, thus excusing the procedural fault." (ECF No. 1, Pet. 5).



*v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). However, even when considered under this less stringent standard, the Petition submitted in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

First, the actual state guilty-plea records were available to everyone at the time of the federal sentencing and, if one of the convictions used to support enhancement did not qualify under the guidelines, that is when this issue should have been raised: on direct appeal. *Davis v. United States*, 329 F.Supp.2d 560, 564 (S.D.N.Y. 2004). If not then, it should have at least been raised as an ineffective counsel argument under § 2255. In any event, there is no subject matter under § 2241. Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Doe v. Menefee*, 391 F.3d 147 (2d Cir. 2004). Prisoners such as Petitioner often assert actual innocence rather than, or in addition to, "inadequacy and ineffectiveness of



remedy"\*\* in situations like the present, *i.e.*, where the time limitations for filing an initial § 2255 motion appear to have run without the filing of a motion or where they wish to raise additional issues that were not raised in direct appeals or in any § 2255 motion(s) they did file.  In such cases, there is some authority for the proposition that if the petitioner cannot establish cause and prejudice for his or her failure to raised the issues previously, he or she can still possibly obtain review of his or her additional constitutional claims by showing that his or her case "falls within a narrow class of cases implicating a fundamental miscarriage of justice.  Proving 'actual innocence' is a way to  demonstrate that one's case falls within that narrow class." *Cornell v. Nix*, 119 F.3d 1329, 1333 (8th Cir. 1997).

However, in the present case, Petitioner's actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the federal criminal charges on which he was convicted  *See Schlup v. Delo*, 513 U.S. 298, 324 (1995)(to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"); *Doe v. Menefee*, 391 F.3d at 161 (quoting *Schlup* for the evidentiary standard required for a court to consider an actual innocence claim); *Thompson v. United States*, No. 99-3893, 2000 WL 571952(6th Cir. May 2, 2000)(bare allegations of actual  innocence as to the charge to which the Petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241).  Additionally, there are no allegations to the effect that Petitioner was actually innocent (*i.e.*, did not commit) the crimes that resulted in the state convictions used to enhance the sentence.  *See United*

---

\*\* Petitioner does not assert that § 2255 was inadequate or ineffective to bring forth his claim. All he asserts is that "actual innocence" allows him to raise the claim at any time under § 2241.



*States v. Maybeck*, 23 F.3d 888, 892-94 (4th Cir.1994) (procedurally defaulted § 2255 challenge to enhanced sentence allowed where Petitioner had not committed one of the underlying predicate convictions).

Rather, Petitioner's actual innocence claim is based on his assertion that the Court improperly gave him an enhanced sentence by reliance on evidence provided in the Pre-Sentencing Investigation Report that incorrectly labeled a state drug possession conviction to be a drug distribution conviction. Similar claims of actual innocence of an enhanced sentence were recently considered and rejected by the Fourth Circuit Court of Appeals in *United States v. Pettiford*, 612 F. 3d 270, 282 (4th Cir. 2010), and by this Court: *Evans v. Rivera*, NO. 0:09-1153-JFA-PJG, 2009 WL 2232807 (D.S.C. July 23, 2009) (*Begay* claim), *aff'd*, No. 09-7499, 2009 WL 4506397 (4th Cir. Dec. 3, 2009), *cert. denied*, No. 09-8633, 2010 WL 596873 (Feb. 22, 2010); *White v. Rivera*, No. 3:08-3681-PMD-JRM, 2009 WL 1456712 (D.S.C. May 21, 2009), *aff'd*, No. 09-7089, 2009 WL 3418654 (4th Cir. Oct. 26, 2009); *Brown v. Rivera*, No. 9:08-3177-PMD-BM, 2009 WL 960212 (D.S.C. Apr. 7, 2009)(*Begay* claim). Petitioner's claim is not substantially different from those made in these prior cases, and the result here must be the same: dismissal for lack of subject matter under § 2241. *See Cooper v. United States*, 199 F.3d 898, 899-900 (7th Cir. 1999).

The facial inadequacy of the Petition now under consideration requires this Court to "decline to address whether [Petitioner's] claim of 'actual innocence' allows [him] to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause." *United States v. Lurie*, 207 F.3d 1075, 1077 n. 4 (8th Cir. 2000). As in the cases cited above, nothing in this case presents more than an allegation of actual *legal* innocence of an enhanced sentence based on an alleged inadequacy of the evidence relied on by the sentencing court to impose the sentence. Petitioner does not allege *factual* innocence of the underlying criminal conviction or of one or more of the prior convictions used to enhance a sentence. Thus, his actual innocence claim is facially inadequate. *Pettiford*,

4



612 F. 3d at 284. Petitioner also offers no valid excuse for why this issue could not have been raised previously in a more appropriate manner, and there is no allegation of new evidence, unavailable at the time of conviction and sentencing, which undermines the validity of the Petitioner's criminal conviction or of one of the convictions used to enhance his sentence. As a result, based on the case law cited above, this case should be summarily dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent.

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

January 4, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).