IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerry L. Johnson, #10597-071,<br>aka *Jerry Lamont Johnson*,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Mildred Rivera,<br><br>　　　　　Respondent. | Civil Action No. 9:10-2902-SB<br><br>**ORDER** |

　　This matter is before the Court upon Jerry L. Johnson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Johnson asserts that he is actually innocent of being a career offender. U.S.S.G. § 4B1.1. Specifically, Johnson asserts that one of the state court convictions used to enhance his offense does not qualify as a predicate offense.

　　Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, this matter was referred to a United States Magistrate Judge for preliminary review. On January 5, 2011, the Magistrate Judge issued a report and recommendation ("R&R"), recommending that the Court summarily dismiss the instant petition without prejudice. Johnson filed written objections to the R&R, and the matter is ripe for review.

　　Johnson pleaded guilty to drug-related charges in 2005 and was sentenced to 262 months of imprisonment. Johnson did not file a direct appeal or a motion to correct or vacate his sentence pursuant to 28 U.S.C. § 2255. Instead, Johnson filed the instant petition pursuant to 28 U.S.C. § 2241 on November 9, 2010.

　　In the R&R, the Magistrate Judge determined that Johnson's claim is facially

inadequate and recommended that the Court dismiss his petition.  Specifically, the Magistrate Judge noted that Johnson has offered no valid excuse why he failed to raise this issue on appeal or in a section 2255 motion,[1] that Johnson alleges no new evidence, and that Johnson's claim is one of legal innocence rather than factual innocence.  See United States v. Poole, 531 F.3d 263, 267 (4 th Cir. 2008) ("[T]he savings clause only preserves claims in which a petitioner claims actual innocence of his conviction, not just 'innocence' of a sentencing factor.");

In response to the R&R, Johnson appears to acknowledge the inadequacy of his petition, and he asks that the Court dismiss his petition without prejudice so that he may seek relief under section 2255.

After a careful review of the record, the Court agrees with the Magistrate Judge's analysis of the issues as well as his recommendation that the instant petition be dismissed without prejudice.  Accordingly, it is hereby

**ORDERED** that the R&R (Entry 12) is adopted and incorporated herein, and the

---

[1] Although section 2255 expressly prohibits prisoners from proceeding under section 2241 to challenge a conviction or sentence, section 2255 does contain a "savings clause."  This clause allows a federal prisoner to proceed under section 2241 when a motion under section 2255 would prove "inadequate or ineffective" to test the legality of the detention.  A section 2255 motion is "inadequate or ineffective" when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
> (2) subsequent to the prisoner's direct appeal and the first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

instant petition is dismissed without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

March 8, 2011
Charleston, South Carolina